IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| WILLIE CHARLES ANDERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:02-CV-0330 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner WILLIE CHARLES ANDERSON has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody seeking immediate release from custody. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief is without merit and should be DENIED.

### I.
### PROCEDURAL HISTORY

On August 30, 1985, petitioner was convicted in Bell County, Texas of the felony offenses of possession of methamphetamine with intent to deliver, possession of methamphetamine, and possession of marijuana. Petitioner was first admitted to TDCJ-CID's custody on September 5, 1985 on these felony drug convictions, and received credit on his sentence from August 5, 1985. On December 5, 1986, petitioner was released to parole on those convictions.

On February 28, 1988, while on parole, petitioner forcefully restrained, by intimidation and display of a firearm, a victim in his apartment for a 12-hour period. On September 12, 1988, in the 27th Judicial District Court of Bell County, Texas, a jury convicted petitioner of the felony offense of aggravated kidnaping and, on September 13, 1988, the trial court assessed petitioner's punishment at twenty (20) years imprisonment, crediting such sentence with 109 days.[1] On September 29, 1988, petitioner was returned to TDCJ to serve the remainder of the sentence for his 1985 drug convictions, as well as to serve the 20-year sentence for aggravated kidnaping.[2] On May 28, 1993, petitioner was released to parole on the aggravated kidnaping sentence.

On July 21, 1994, petitioner was found in possession of methamphetamine. On September 16, 1994, petitioner was arrested for a violation of parole from the sentence for aggravated kidnaping.

On February 8, 1995, in the 146th Judicial District Court of Bell County, Texas, petitioner was convicted, pursuant to his guilty plea, of the felony offense of possession of methamphetamine stemming from the July 21, 1994 incident. Upon pleading true to the two enhancement paragraphs, plaintiff was sentenced to eighteen (18) years imprisonment, ordered to run concurrently with the sentence remaining on his aggravated kidnaping sentence.[3] Petitioner returned to the custody of TDCJ on March 31, 1995 to serve the remainder of his 20-year sentence for his aggravated kidnaping conviction (with time calculated from September 16, 1994), as well as to serve the 18-

---

[1] Petitioner was originally indicted with the offenses of aggravated kidnaping and aggravated assault. A sentence enhancement paragraph alleged a prior felony conviction for the offense of possession with intent to deliver a controlled substance. Petitioner pled true to the sentence enhancement.

[2] The judgment indicated a May 28, 1988 begin date.

[3] The judgment credited petitioner with 145 days and indicated petitioner's sentence was to commence September 17, 1994. TDCJ records, however, indicate an earlier sentence begin date of September 13, 1994.

year sentence for his methamphetamine possession conviction (with time calculated from September 13, 1994). Upon his return, petitioner was assigned, for record keeping purposes, a new TDCJ identification number because of the new methamphetamine possession conviction.

Petitioner claims he should be released to mandatory supervision from his 18-year sentence for his methamphetamine possession conviction. He presented this claim through the time dispute-resolution process within the prison system. Corrective action was denied on August 3, 2000. On February 4, 2002, petitioner filed a state application for habeas corpus challenging the denial of his early release to mandatory supervision from his 18-year sentence for his possession conviction. *Ex parte Anderson*, No. 20,874-03. On June 19, 2002, the Texas Court of Criminal Appeals denied his application without written order based on the findings of the trial court without a hearing. This Court received the instant federal habeas application filed by petitioner on November 27, 2002.

II.
PETITIONER'S ALLEGATION

Petitioner contends his continued confinement is in violation of the Constitution and laws of the United States because he has not been released to mandatory supervision on his 18-year sentence for possession of a controlled substance.

III.
POSITIONS OF THE PARTIES

Attached to petitioner's habeas application is a Commitment Inquiry indicating petitioner became eligible for early release to mandatory supervision from his 18-year sentence for possession of methamphetamine on January 4, 2002. Petitioner maintains he should have been released from TDCJ-CID custody to mandatory supervision on that date. Petitioner argues his February 8, 1995

conviction for possession of methamphetamine (a mandatory supervision eligible offense) superceded, in some manner, his September 13, 1988 conviction for aggravated kidnaping (a non-mandatory supervision eligible offense) when he was assigned a new prisoner number upon his return to prison and because "it is the longer of the two sentences" (when comparing the fifteen (15) years remaining on his 20-year aggravated kidnaping sentence to his 18-year sentence for the possession conviction). He contends his methamphetamine possession sentence is "controlling" and that he should be released from custody to mandatory supervision despite "the fact that the latter sentence is still in effect," *i.e.,* that he still has a number of years to serve on his 20-year aggravated kidnaping sentence before such sentence will be discharged. Petitioner maintains failure to grant him mandatory release on his possession sentence amounts to "stacking" his methamphetamine possession sentence on his aggravated kidnaping sentence in disregard of the trial court's order that such sentences run concurrently. Petitioner also appears to argue release is appropriate on the 20-year aggravated kidnaping sentence because he became eligible for parole from that sentence on September 13, 1994.

In petitioner's state habeas proceeding, Mr. Thomas Warren, the Administrative Assistant to the State Classifications Committee, provided an affidavit detailing petitioner's history at TDCJ-CID. The affidavit noted petitioner's maximum date on his 20-year aggravated kidnaping sentence is September 15, 2009, "and this is why his current mandatory supervision release date [on his 18-year possession sentence] is 9-15-2009." The affidavit explained that petitioner "can be released on parole [from the 20-year aggravated kidnaping sentence] prior to this date, but since the offender's prior charge of Aggravated Kidnapping is considered a non-mandatory offense he can not be released by mandatory supervision until he discharges the 20-year sentence on 9-15-2009."

The state trial court recommended denial of petitioner's application on state habeas corpus review and found:

> With regard to his mandatory supervision release date, Mr. Warren states that the Applicant's prior Aggravated Kidnaping charge is classified as *not* being eligible for mandatory supervision release, and is subject to a "flat calculated" parole eligibility status. Moreover, he states that the Applicant's mandatory supervision release date for the Aggravated Kidnaping charge is 9-15-09, and that the Applicant cannot be released to mandatory supervision on any of his charges prior to discharging his 20-year sentence on the Aggravated Kidnaping charge. He indicates that the Applicant remains parole eligible on all of his charges at the discretion of the Board of Pardons and Paroles, and has a scheduled parole review date of 9-1-03.

The Texas Court of Criminal Appeals denied petitioner's application for state habeas corpus relief without written order based on the findings of the trial court without a hearing. *In re Anderson*, Application No. 20,874-03, at 40.

Respondent has answered the petition and argues the findings of fact made by the state trial court in the habeas proceeding with regard to the veracity of the information contained in the affidavit submitted by Thomas Warren is a credibility determination entitled to a presumption of correctness by this Court. Respondent argues this Court must deny relief in this case based on the presumption of correctness afforded to the state trial court and the Texas Court of Criminal Appeals in its credibility evaluation and ultimate finding that, although eligible, petitioner cannot be released to mandatory supervision from his 18-year possession sentence until he discharges his 20-year sentence for aggravated kidnaping. Respondent concludes petitioner has failed to prove the decision of the Texas Court of Criminal Appeals to deny relief was an unreasonable application of federal law or based on an unreasonable determination of the facts presented on appeal.[4]

---

[4] Respondent does not, as petitioner argues, contend that due to enactment of legislation on September 1, 1996, petitioner is not eligible for mandatory supervision release on his possession sentence and can only be released at the discretion of the Parole Board. Consequently, there is no reason to address petitioner's argument that such would be a retroactive application of legislation in violation of the ex post facto clause.

IV.
## MERITS

Petitioner is currently serving both his 18-year sentence and his 20-year sentence. Petitioner has not submitted any credible evidence or authority that the issuance of a new inmate number renders one sentence "controlling" over the other. Consequently, petitioner remains obligated to serve these sentences either in custody, on parole, or on mandatory supervised release.

Petitioner is eligible for release to mandatory supervised release on his February 8, 1995 sentence for possession of methamphetamine. According to TDCJ-CID records, he would have been granted release on January 4, 2002 except for the fact that he is also serving an aggravated kidnaping sentence. As petitioner is not eligible for mandatory supervision on his 1988 aggravated kidnaping conviction, he must serve such sentence until September 15, 2009 unless he is granted parole prior to that date. As petitioner has not been granted parole on that sentence, any "release" to mandatory supervision on his 18-sentence for methamphetamine possession would not result in petitioner's earlier release from TDCJ-CID custody as such "release" would have no effect on his continuing 20-year sentence for aggravated kidnaping. Petitioner will remain in custody under the 20-year sentence until he is either paroled or discharges that sentence. Petitioner has failed to show how a "release" to mandatory supervision on his 18-year possession sentence would entitle him to accelerated release from custody. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). Consequently, no federal constitutional violation has been shown and no federal habeas relief is warranted.

Even if petitioner's claim that he should have been released to mandatory supervision on his 18-year sentence had any arguable merit, which it does not, petitioner has not met his burden of

showing the state court's determination of this issue was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Consequently, he is not entitled to federal habeas relief.

Petitioner's claim is without merit and his petition should be DENIED.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner WILLIE CHARLES ANDERSON be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of April 2005.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are

allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be **filed on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).